I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By: s/R Schumitsh
Deputy Clerk

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: DEPUY ORTHOPAEDICS, INC., ASR HIP IMPLANT
PRODUCTS LIABILITY LITIGATION    MDL No. 2197

FILED
Feb 19, 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiffs in 39 actions listed on Schedule A move to vacate our orders that conditionally transferred their respective actions to MDL No. 2197. Responding defendants[1] oppose the motions to vacate.

After considering all argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2197, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions arising from alleged injuries from DePuy's recalled ASR XL Acetabular Hip System. *See In re: DePuy Orthopaedics, Inc., ASR Hip Implant Prods. Liab. Litig.*, 753 F.Supp.2d 1378 (J.P.M.L. 2010). These actions all involve injuries from implantation of DePuy ASR hip implants, and clearly fall within the MDL's ambit.

None of the plaintiffs dispute that their actions share questions of fact with actions pending in MDL No. 2197. Plaintiffs in three actions pending in the District of Massachusetts instead base their arguments against transfer primarily on the pendency of motions to remand their respective actions to state court and the purported inefficiencies in having the MDL judge decide such motions. Plaintiffs in these actions can present their motions for remand to the transferee judge.[2] *See, e.g., In re: Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

---

[*] Judges Paul J. Barbadoro and Lewis A. Kaplan did not participate in the decision of this matter.

[1] DePuy Orthopaedics, Inc., DePuy International Ltd., and DePuy, Inc. (collectively DePuy); Johnson & Johnson Development Corp., Johnson & Johnson International, Johnson & Johnson Surgical, Inc., Johnson & Johnson Services, Inc., and Johnson & Johnson (collectively J&J).

[2] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court wishing to rule upon the remand motion usually has adequate time in which to do so.

-2-

Plaintiffs in an Eastern District of California action base their arguments against transfer largely on the inconvenience of traveling from Redding, California to the transferee court in the Northern District of Ohio. While we are sympathetic to these concerns, they are insufficient to justify denial of transfer. When deciding issues of transfer under Section 1407, we must look to the overall convenience of the parties and witnesses, not just those of the parties to a single action. *See, e.g., In re: Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012). Furthermore, because Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See In re: MLR, LLC, Patent Litig.*, 269 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003).

Plaintiffs in 35 actions in the Western and Middle Districts of North Carolina oppose transfer largely because they have previously settled the claims of other plaintiffs with ASR hip implants that were represented by their counsel, Egerton & Associates, P.A. According to plaintiffs, the actions now before the Panel were filed after DePuy refused to sign a tolling agreement. DePuy supports transfer and suggests that substantial efficiencies will be obtained by including these plaintiffs' claims with those of approximately 450 other North Carolina plaintiffs in the MDL proceedings. Transfer is appropriate, given that plaintiffs' cases, which are unquestionably factually related to the other MDL No. 2197 cases, have yet to settle and remain pending in federal court.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable David A. Katz for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell    Charles R. Breyer
Sarah S. Vance    Ellen Segal Huvelle

IN RE: DEPUY ORTHOPAEDICS, INC., ASR HIP IMPLANT
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2197

## SCHEDULE A

<u>Eastern District of California</u>

Hazel Bonini, et al. v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:13-02106

<u>District of Massachusetts</u>

Marie A. Casale v. DJD Medical, Inc., et al., C.A. No. 1:13-12502
Nancy E. Long, et al. v. DJD Medical, Inc., et al., C.A. No. 1:13-12507
John A. DeAmelio v. Johnson & Johnson, et al., C.A. 1:13-12700

<u>Middle District of North Carolina</u>

Barbara Burns v. Johnson & Johnson, et al., C.A. No. 1:13-00799
Juanita Lowery v. Johnson & Johnson, et al., C.A. No. 1:13-00800
Jack Koontz v. Johnson & Johnson, et al., C.A. No. 1:13-00801
Diane Messick v. Johnson & Johnson, Inc., et al., C.A. No. 1:13-00802
Wayne Ward v. Johnson & Johnson, et al., C.A. No. 1:13-00803
Jerry Payne v. Johnson & Johnson, et al., C.A. No. 1:13-00804
Howard Little v. Johnson & Johnson, et al., C.A. No. 1:13-00805
Jane Joyner v. Johnson & Johnson, et al., C.A. No. 1:13-00806
Cynthia Beck v. Johnson & Johnson, et al., C.A. No. 1:13-00807
Dennis Peppers v. Johnson & Johnson, et al., C.A. No. 1:13-00808
Allen Hill v. Johnson & Johnson, Inc. et al., C.A. No. 1:13-00809
Roberta Smith v. Johnson & Johnson, et al., C.A. No. 1:13-00810
Marie Wood v. Johnson & Johnson, et al., C.A. No. 1:13-00811
Kenneth Hardeman v. Johnson & Johnson, et al., C.A. No. 1:13-00812
Hilda Duncan v. Johnson & Johnson, et al., C.A. No. 1:13-00813
Charles Cannell v. Johnson & Johnson, et al., C.A. No. 1:13-00814
Edward Sampson v. Johnson & Johnson, Inc., et al., C.A. No. 1:13-00816
Christopher Williamson v. Johnson & Johnson, et al., C.A. No. 1:13-00817
Rodney Cox v. Johnson & Johnson, Inc., et al., C.A. No. 1:13-00818
Lenz Garrison v. Johnson & Johnson, et al., C.A. No. 1:13-00819
Beulah Lee v. Johnson & Johnson, Inc., et al., C.A. No. 1:13-00820
Sarah Broadie v. Johnson & Johnson, Inc., et al., C.A. No. 1:13-00821
Elizabeth Ruffin v. Johnson & Johnson, et al., C.A. No. 1:13-00822
Angela Greer v. Johnson & Johnson, et al., C.A. No. 1:13-00823
Dale Carnell v. Johnson & Johnson, Inc., et al., C.A. No. 1:13-00824
Peggy Davis v. Johnson & Johnson, Inc., et al., C.A. No. 1:13-00825
Steve Ellis v. Johnson & Johnson, Inc., et al., C.A. No. 1:13-00827
Larry Craddock v. Johnson & Johnson, Inc., et al., C.A. No. 1:13-00828

- A2 -

<u>Middle District of North Carolina</u> (continued)

Susan Hodges v. Johnson & Johnson, Inc., et al., C.A. No. 1:13-00829
Boyd Collins v. Johnson & Johnson, Inc., et al., C.A. No. 1:13-00830
Dorothy Cooper v. Johnson & Johnson, et al., C.A. No. 1:13-00831
Francis Gordon v. Johnson & Johnson et al., C.A. No. 1:13-00832
Richard Batts v. Johnson & Johnson Services, Inc., et al., C.A. No. 1:13-00833

<u>Western District of North Carolina</u>

Clyde Lunsford v. Johnson & Johnson, Inc., C.A. No. 5:13-00133
Mary Kathryn Minton Cothren v. Johnson & Johnson, Inc., et al., C.A. No. 5:13-00134